FILED

SEP 1 4 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1   Deborah Tuck
    1600 E. Vista Way #85
2   Vista, CA 92084
    Ph: 760-840-1806
3

4   <u>In Pro Se</u>

5

6

7

8                **UNITED STATES DISTRICT COURT**
               **SOUTHERN DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| 10   **DEBORAH TUCK,** | **CASE NO:**   **15CV2042 CAB RBB** |
| 11       Plaintiff, | **VERIFIED COMPLAINT FOR DAMAGES** |
| 12       vs. | **VIOLATION OF 15 U.S.C. 1692** *et seq.* **FDCPA** |
| | **VIOLATION OF 47 U.S.C. 227** *et seq.* **TCPA** |
| 13   **AMERICAN CAPITOL ENTERPRISES** | **VIOLATION OF CALIFORNIA ROSENTHAL** |
|     Does 1-25) | **FAIR DEBT COLLECTION PRACTICES ACT** |
| 14 | **CC 1788** *et seq.* |
|       Defendants, | |
| 15 | **DEMAND FOR JURY TRIAL** |
| 16 | |

                          **COMPLAINT7**

17       Plaintiff, DEBORAH TUCK, "In Pro Se" individually hereby sues Defendant

18   AMERICAN CAPITOL ENTERPRISES for violations of the (FDCPA) 15 U.S.C. §1692,

19   for violations of the (TCPA) 47 U.S.C. § 227(a)(iii), and the California Rosenthal Fair Debt

20   Collection Practices Act Civil Code 1788.

21                     **PRELIMINARY STATEMENT**

22   **1.**   This is an action for damages and injunctive relief brought by the Plaintiff against

23       Defendant AMERICAN CAPITOL ENTERPRISES for strict statutory

24       violations of the Telephone Consumer Protection Act (TCPA) Sec. 227, 47 U.S.C.

25       §227(b)(1), 47 U.S.C. §227(a)(iii). Violations of the Fair Debt Collection Practices

26       Act (FDCPA) 15 U.S.C. §1692(c)(a)(1), 15 U.S.C. §1692(d)(5), 15 U.S.C.

27       §1692(d)(6), Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692(e)(10),

28       and the California Rosenthal Fair Debt Collection Practices Act (CFDCPA).

2.  Plaintiff TUCK contends that the Defendant AMERICAN CAPITOL
    ENTERPRISES has violated such laws by repeatedly harassing Plaintiff
    TUCK in attempts to collect an alleged but non existent debt.

## JURISDICTION AND VENUE

3.  Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3), 15 U.S.C. §1692(k)(d),
    California Stat. §1788, and supplemental jurisdiction exists for the state law claims
    pursuant to 28 U.S.C. §1367. Jurisdiction also arises under California Code of Civil
    Procedure §410.10. Defendants conduct business in the state of California and
    therefore, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. §1391(b) and California Civil Procedure
    §395(a). Venue in this district is proper in that the Plaintiff resides here, the
    Defendant transacts business here, and the conduct complained of occurred here.

5.  This is an action for damages which exceeds $20,000.00 U.S. dollars .

## PARTIES

6.  Plaintiff, DEBORAH TUCK, ("TUCK") is a natural person and a resident of the
    State of California, San Diego County.

7.  Upon information and belief Defendant, AMERICAN CAPITOL ENTERPRISES
    hereinafter ("ACE")  is a California based corporation, authorized to do business in
    California, with a corporate headquarters located at 27919 Jefferson Ave, Suite 206,
    Temecula, CA 92590-2653 USA. Upon information and belief the registered
    Principal is  RONALD MATHESON (President) .

8.  Defendant "ACE" is an entity which collects debts which brings ACE within the
    ambit of the California Rosenthal Fair Debt Collection Practices Act
    Civil Code 1788 ("CFDCPA").

///
///
///

# FACTUAL ALLEGATIONS

9. Plaintiff TUCK has no prior or present established relationship with the Defendant ACE.

10. Plaintiff TUCK has never given Defendant ACE express written permission to call Plaintiff TUCK'S cellular phone.

11. Plaintiff TUCK has no contractual obligation to pay Defendant ACE.

12. From April 22, 2015 to May 4, 2015, Defendant ACE violated the (TCPA) by leaving 7 messages using an automatic telephone dialing system or artificial or pre-recorded voices on Plaintiff TUCK'S cellular phone number's 760-840-1806 and 760-840-1551.

13. From April 22, 2015 to May 4, 2015, Defendant ACE violated the TCPA by calling Plaintiff's cellular phone 7 times with no prior express written permission given by Plaintiff TUCK.

14. From April 22, 2015 to May 4, 2015, the Defendant ACE by and thru their bill collecting staff on numerous occasions committed deliberate strict statutory violations of the TCPA by by leaving recorded messages on Plaintiff's cellular phone without prior express written permission of any kind given by the Plaintiff.

15. From April 22, 2015 to May 4, 2015 the Defendant ACE asserted a right which it lacks, to wit, the right to enforce or collect a debt.

16. From April 22, 2015 to May 4, 2015, Defendant ACE failed to identify that they were debt collectors trying to collect a debt.

17. On May 5, 2009 & April 21, 2015 ACE illegally requested and received Plaintiff TUCK'S personal consumer credit report, this illegal intrusion into Plaintiff TUCK'S personal consumer credit file constitutes a willful and negligent violation of 15 U.S.C. §1681(b) which would also be a criminal offense (felony) punishable under Title 18 U.S.C., the penalty being a find and/or two years imprisonment, and a civil liability exists within 15 U.S.C. §1681(n).
This same violation may also constitute a tort claim for identity theft.

18. On May 3, 2015 Plaintiff TUCK sent Defendant ACE a Request For Validation of the alleged debt pursuant to the Fair Debt Collection Practices Act which went unanswered.

**COUNT 1**
**VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT**
**47 U.S.C. §(b)(1)(A) BY DEFENDANT MIDLAND CREDIT MANAGEMENT INC.**

**19.** Plaintiff TUCK alleges and incorporates the information in all previous paragraphs.

**20.** Defendant ACE has demonstrated willful and knowing non-compliance with 47 U.S.C. §227(b)(1)(a) by using an automatic telephone dialing system to call the Plaintiff's personal cellular phone number 760-840-1806 which is assigned to the San Diego County cellular service provider T-Mobile and listed on the *National Do Not Call List since November 8, 2007.*

**21. 47 U.S.C. §227(b)(1)(A) states in part;**
(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT-
(1) PROHIBITIONS - It shall be unlawful for aany person within the United States , or any person outside the United States if the recipient is within the United States-
(A) To make any call (other than a call made for emergency purposes or made only with the prior express written consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice-

**22.** Defendant ACE has called the Plaintiff TUCK'S cell phone number no less than 7 separate times using an automatic dialing system.

**23.** Defendant ACE has committed 7 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff TUCK is entitled to damages of $500 dollars for the first call and $1500 for each additional violation after the first call pursuant to 47 U.S.C. §227(b)(3)(B).

**24.** Defendant ACE has demonstrated willful and or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) the last 6 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as those calls were intentional.

**25.** Defendant ACE has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by calling the Plaintiff TUCK'S cellular phone number, which is assigned to National cellular telephone service provider T-Mobile. The Plaintiff TUCK has never given ACE express written permission to call the Plaintiff TUCK'S cell phone. Plaintiff TUCK is entitled to damages of $1,500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). There has never been any established business relationship between the two parties Plaintiff TUCK and ACE within the meaning of 47 U.S.C. §227.

**WHEREFORE,** Plaintiff TUCK demands judgement for damages against ACE for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 47 U.S.C. §227.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA), 15 U.S.C.§1692(c)(a)(1) BY DEFENDANT MIDLAND CREDIT MANAGEMENT INC.**

**26.** Plaintiff TUCK alleges and incorporates the information in the all previous paragraphs.

**27.** Defendant ACE placed no less than 7 telephone calls to the Plaintiff's cellular telephone.

**28.** Defendant ACE knew that the phone calls made were inconvenient to Plaintiff TUCK.

**29.** Defendant ACE violated 15 U.S.C. §1692(c)(a)(1) by calling Plaintiff TUCK'S cellular phone on dates and times listed in detail in **"ATTACHMENT A"** attached to this suit/complaint, <u>with no express prior written permission given by Plaintiff TUCK.</u>

**30.** Such communication is prohibited by 15 U.S.C. §1692(c)(a)(1).

**31.** **15 U.S.C. §1692(c)(a) states in part;**

   (A) <u>COMMUNICATION WITH THE CONSUMER GENERALLY, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of a debt</u> -

**WHEREFORE,** Plaintiff TUCK demands judgement for damages against ACE for Actual, statutory, and punitive damages, attorney fees and costs, pursuant to 15 U.S.C. §1692c(a).

**COUNT III**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) §1692d(5) BY DEFENDANT MIDLAND CREDIT MANAGEMENT**

**32.** Plaintiff TUCK alleges and incorporates the information in all previous paragraphs.

**33.** Defendant ACE violated 15 U.S.C. §1692d(5) by calling the Plaintiff no less than 7 times causing the Plaintiff's phone to ring repeatedly and/or continuously with the intent to annoy, abuse, or harass the Plaintiff with no prior express written permission given by Plaintiff TUCK.

**34.** This intentional and repeated calling by the Defendant ACE has caused the Plaintiff TUCK undue stress, confusion, nervousness and embarrassment.

**35. 15 U.S.C. §1692d(5) states in part;**
A debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foreging, the following conduct is a violation of this section:

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

**WHEREFORE,** Plaintiff demands judgement for damages against MCM for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692d(5).

**COUNT IV**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA),**
**15 U.S.C.§1692d(6) BY DEFENDANT MIDLAND CREDIT MANAGEMENT INC.**

**36.** Plaintiff TUCK alleges and incorporates the information in all previous paragraphs.

**37.** Defendant ACE violated 15 U.S.C. §1692d(6) by calling Plaintiff TUCK without meaningful disclosure of the caller's identity on no less than 7 separate and independent call times with no prior express written permission by Plaintiff TUCK.

**38. 15 U.S.C. §1692d(6) states in part;**
A debt collector may not engage in any conduct the natural consequences of which is to harass, oppres, or abuse any person in connection with the collection of an alleged debt. Without limiting the general application of the foregoing, the following conduct is a statutory violation of this section:

(6) The placement of telephone calls without meaningful disclosure of the caller's identity.

**WHEREFORE,** Plaintiff demands judgement for damages against ACE for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692d(6).

**COUNT V**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA),**
**15 U.S.C. §1692e(10) BY DEFENDANT MIDLAND CREDIT MANAGEMENT INC.**

**39.** Plaintiff TUCK alleges and incorporates the information in all previous paragraphs.

**40.** Defendant ACE violated 15 U.S.C. §1692e(10) by the use of false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

///
///

41. **15 U.S.C. §1692e(10) states in part;**
    A debt collector may not use any false, deceptive, or misleading representation or
    means in connection with the collection of any debt. Without limiting the general
    application of the foregoing, the following conduct is a violation of this section:

    (10)   The use of any false representation or deceptive means to collect or attempt to
           collect any debt or to obtain information concerning consumer.

    **WHEREFORE,** Plaintiff demands judgement for damages against ACE for actual,
    statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C.
    §1692e(10).

**COUNT VI**
**VIOLATION OF 15 U.S.C. §1681(b) & 15 U.S.C. §1681n SECTION 604**
**OF THE FAIR CREDIT REPORTING ACT**
**BY DEFENDANT MIDLAND CREDIT MANAGEMENT INC.**

42. Plaintiff TUCK alleges and incorporates the information in all previous paragraphs.

43. Plaintiff TUCK recently obtained a copy of her consumer credit report and
    discovered that on May 5, 2009 and April 21, 2015 Defendant ACE illegally
    obtained a copy of Plaintiff TUCK'S personal consumer credit file in it's entirety.
    ACE is a "debt collector" pursuant to 15 U.S.C. $1681. DEBORAH TUCK is a
    "consumer" as that term is defined in 15 U.S.C.§1681 *seq*. ACE is not a creditor,
    and Plaintiff TUCK has not applied for, neither received any services or credit with
    ACE, therefore ACE's illegal and willful intrusion into Plaintiff TUCK'S personal
    credit consumer credit file constitutes a willful and negligent violation of 15 U.S.C.
    §1681(b) which is a criminal offense (felony) punishable under Title 18 U.S.C., the
    penalty being a fine and or two years imprisonment, or both, and a civil liability
    exists within 15 U.S.C. §1681n.

44. This strict statutory violation may also constitute a Federal tort claim for identity
    theft.

///
///
///

45. **Section 604 of the Fair Credit Reporting Act 15 U.S.C. §1681 *et seq.*
    states in part;**
    Permissable purposes of consumer credit reports, any consumer reporting agency
    may furnish a consumer credit report under the following circumstances and no other:

    (1) In response to the order fo a court having jurisdiction to issue such and order, or
        a subpoena issued in connection with preceedings before a Federal grand jury.

    (2) In accordance with the written instructions of the consumer whom it relates.

    (3) To a person which it has reason to believe -
        **(A) intends to use the information in connection with the credit transaction
        involving the consumer on whom the information is to be furnished and
        involving the extension of credit to, or review or collection of an account
        of the consumer.**

    **WHEREFORE,** Plaintiff demands judgement for damages against ACE for actual,
    statutory, and punitive damages, attorney's fees and costs, pursuant to Section 604
    of the Fair Credit Reporting Act and 15 U.S.C. §1692 *et seq.*

    **COUNT VII**
    **VIOLATION OF CALIFORNIA ROSENTHAL**
    **FAIR DEBT COLLECTION PRACTICES ACT CC 1788 *et seq.***
    **BY DEFENDANT MIDLAND CREDIT MANAGENT INC.**

46. Plaintiff TUCK alleges and incorporates the information in all previous paragraphs.

47. Plaintiff TUCK is a consumer within the meaning of 15 U.S.C. §1692 *et seq.*

48. Defendant ACE is seeking to collect a consumer debt from Plaintiff TUCK as
    defined by California Civil Procedure §1788(f).

49. The account in question is a consumer credit transaction as defined by California
    Civil Procedure §1788(e) as Plaintiff TUCK has allegedly received property, services
    or money from the defendant ACE or an extension of credit, and such property,
    services or money was used primarily for personal, family or household purposes.

50. Defendant ACE violated §1788.11(d) of the California Fair Debt Collection
    Practices Act (CFDCPA) by placing collection calls to Plaintiff TUCK'S personal
    cellular phone repeatedly and continuously so as to annoy Plaintiff TUCK.

51. Defendant ACE violated §1788.17 of the California Fair Debt Collection Practices
    Act (CFDCPA) by placing collection calls to Plaintiff TUCK'S personal cellular
    phone with such frequency as to be unreasonable and to constitute a direct

1    intentional barrage of harassment towards Plaintiff TUCK under the circumstances.

2    **52.** Defendant ACE violated Section §1788.17 of the California Fair Debt Collection

3    Practices Act (CFDCPA) by continuously failing to comply with the statutory

4    regulations contained with the Fair Debt Collection Practices Act (FDCPA)

5    15 U.S.C. §1692 *et seq.*

6    I.    Defendant ACE violated §1692d of the Fair Debt Collection Practices Act

7    (FDCPA) by engaging in conduct the natural consequences of which is to

8    harass, oppress, or abuse Plaintiff TUCK.

9    ii.   Defendant ACE violated §1692d(5) of the Fair Debt Collection Practices

10   Act (FDCPA) by directly causing Plaintiff TUCK'S cellular telephone to

11   ring repeatedly and continuously, <u>sometimes multiple times in the same day</u>

12   with the intent to annoy, abuse, or harass Plaintiff TUCK.

13   **WHEREFORE,** Plaintiff TUCK demands judgement for damages against

14   AMERICAN CAPITOL ENTERPRISES., ACE, for actual, statutory, and

15   attorney's fees and costs pursuant to §1788.30(b) and costs pursuant to §1788.30©.

16   **DEMAND FOR JURY TRIAL**

17   Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

18   Respectfully submitted this ___ day of September, in the year of 2015.

19   DEBORAH TUCK
     1600 E. Vista Way #85
20   Vista, CA 92084
     Ph: 760-840-1806
21

22   <u>In Pro Se</u>

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

## **VERIFICATION**

### **Declarations of Deborah Tuck**

I, Deborah Tuck declare as follows:

1. I am the Plaintiff in the above-entitled action.

2. I am of age, sound mind and competent to testify to all of the facts based on first hand knowledge of the above-items so stated.

3. I have been damaged financially, socially and emotionally as a direct result of Defendant's ACE'S unlawful actions and conduct.

4. I have read the foregoing pleading and know the facts therein stated to be true and correct.

5. I declare under the penalty of perjury pursuant to the laws of California and the United States, that the foregoing is true and correct to the best of my knowledge, information and belief.

Deborah Tuck, Declarant

///
///
///
///
///
///
///
///
///
///
///
///

---

VERIFIED COMPLAINT FOR DAMAGES                                   **Page 10**

## "ATTACHMENT A"

Here is a list of strict statutory (TCPA)(FDCPA) & (CFDCPA) violations committed by the Defendant AMERICAN CAPITOL ENTERPRISES, ACE.

At the present time violations include calls to my personal T-Mobile cellular service providers cell phone 760-840-1806 on the below listed dates:

1 - April 22, 2015 @ 2:03 p.m. (from 951-695-3372)

2 - April 22, 2015 @ 2:04 p.m. (from 951-695-3372)

3 - April 22, 2015 @ 8:58 p.m. (from 951-695-3372)

4 - April 23, 2015 @ 2:02 p.m. (from 951-695-3372)

5 - April 24, 2015 @ 9:16 a.m. (from 951-695-3372)

6 - April 24, 2015 @ 2:02 p.m. (from 951-695-3372)

7 - May 4, 2015    @ 9:39 a.m. (from 951-695-3372)

These are the seven (7) strict statutory violations willfully committed by the Defendant Ace against the Plaintiff TUCK the she  presently knows about, there may be a lot more that may be discovered during the discovery process of this case. These are direct violations of 15 U.S.C. §1692(c)(a)(1)

///
///
///
///
///
///
///
///
///
///
///
///